UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION NO. 2:09-00078

RAMON DAVIS ALSTON

MEMORANDUM OPINION AND ORDER

Pending are defendant's amended motion to suppress all evidence seized ("amended motion"), filed May 13, 2009, and supplemental motion to suppress search warrant ("supplemental motion"), filed June 22, 2009.

I.

On May 20, 2009, the court held an evidentiary hearing respecting the amended motion.  The court, by its findings made on the record in open court, concluded that probable cause supported the issuance of the search warrant.  That ruling rejected defendant's contentions that the warrant was not supported by probable cause and that the trash recovered and searched from the residence in question ("location") violated the

Fourth Amendment.[1]  At the conclusion of the hearing, the court
directed counsel to brief the remaining ground for suppression,
namely, that the warrant was "overbroad and generalized [and] . .
. did not properly describe the items to be searched or seized by
the Government."  (Am. Mot. at 1; Supp. Mot. at 1 ("[A] search
warrant must state with particularity the place and things to be
searched along with the grounds for its issuance.  The warrant in
this case contained none of these necessary elements.")).  The
post-hearing brief submitted by defendant was the supplemental
motion.

        In addition to the findings placed on the record on May
20, 2009, other findings are warranted.  First, the warrant had
attached to it a document entitled "Exhibit II," which originally
accompanied the affidavit that Patrolman K.J. Allen submitted to
the issuing magistrate judge.[2]  On the reverse side of Exhibit II

---

[1]To the extent it is not explicitly stated in the ruling and
accompanying findings placed on the record on May 20, 2009, a
warrant was unnecessary to support a search of the trash bags.
See Kyllo v. United States, 533 U.S. 27, 42 (2001) (stating "[W]e
have found consistent with the Fourth Amendment, even absent a
warrant, the search and seizure of garbage left for collection
outside the curtilage of a home . . . ." (citing California v.
Greenwood, 486 U.S. 35 (1988)).

[2]Defendant concedes that Exhibit II was attached to the
warrant and constitutes the "Attachment 1" that is referred to
three times in the body of the warrant.  (See Trans. at 79).

2

is "Exhibit 1," a satellite photograph of the location with its
address listed.[3]  In addition to being attached to it, Exhibit 1
and Exhibit II are incorporated into the warrant as "Attachment
1."   The body of the warrant uses "Attachment 1" for
incorporation-by-reference purposes in three places, namely, in
the reserved spaces provided for (1) the property to be seized,
(2) the premises to be searched, and (3) the grounds for probable
cause to support the search.

        Exhibit 1 serves to identify the premises to be
searched.  Exhibit II sufficiently describes the property to be
seized and provides pertinently as follows:

    Evidence, fruits and instrumentalities of violation
    Chapter 60A, Article 4, Section 401(a) of the Uniform
    Controlled Substance Act of West Virginia including,
    but not limited to:

    A. Controlled substances and materials used in selling
    controlled substances, scales, mixing equipment and
    agents, packaging materials and the like, drug
    paraphernalia and material.

    B. The following records:

        1. Books . . . and other papers relating to
        the . . . distribution of controlled
        substances . . .; [and]

_____

        [3]The address listed on the satellite photo is for "246 F
St., Charleston, WV 25303."  (Ex. 1).  There does not appear to
be an F Street in Charleston.  There is, however, an F Street in
South Charleston, and the zip code 25303 is for the South
Charleston area.

                . . . .

                4. United States Currency . . . .

(Govt. Ex. 2 at 2).  Exhibit II refers to many other items for

seizure as well, including domestic and international travel

documents and precious metals, jewelry, stocks and bonds, and

video tapes.

        The property receipt reflecting the items seized from

the location are as follows:

    A cultivation kit with three suspected marijuana
    plants;

    Various scales;

    A container with a marijuana picture on top and
    suspected marijuana within;

    A prescription pill bottle with suspected crack cocaine
    within;

    United States currency found inside a McDonald's bag;

    An ash tray with suspected marijuana roaches;

    Sandwich bags; and

    Papers on "Growing Marijuana Indoors[.]"

(Govt. Ex. 3).  Each of these items comes within those categories

of property to be seized as set forth in Exhibit II.  Probable

cause supported the search and seizure of the items.

        The final reserved space utilizing Attachment 1 by

reference is for listing the grounds for probable cause to

                            4

support the search.  Attachment 1 contains no such information.
It appears that Patrolman K.J. Allen's supporting affidavit was
inadvertently not included within Attachment 1.  The matter is of
little moment.  First, the affidavit, signed by Patrolman Allen
and the issuing magistrate, reflects Patrolman Allen's personal
appearance before the judicial officer and that the affidavit was
"[t]aken, subscribed and sworn" before that officer.  Second, the
warrant refers to the fact that Patrolman Allen appeared before
the issuing magistrate and made the affidavit.  These two factors
combined, along with the issuance of the warrant, satisfy the
requirement that a warrant issue only "upon probable cause,
supported by Oath or affirmation . . . ."  U.S. Const. amend. IV.


                              II.


          The Fourth Amendment provides that "no Warrants shall
issue, but upon probable cause, supported by Oath or affirmation,
and particularly describing the place to be searched, and the
persons or things to be seized."  U.S. Const. amend. IV.  In Groh
v. Ramirez, 540 U.S. 551 (2004), the Supreme Court observed that
an "application [that] adequately describe[s] the 'things to be
seized' does not save the warrant from its facial invalidity.
The Fourth Amendment by its terms requires particularity in the

                               5

warrant, not in the supporting documents." Id. at 557. The Supreme Court additionally observed the importance of the particularity requirement:

> We have long held . . . that the purpose of the particularity requirement is not limited to the prevention of general searches. A particular warrant also "assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search."

Id. at 561 (citations omitted).

In United States v. Hurwitz, 459 F.3d 463 (4th Cir. 2006), our court of appeals observed, in light of Groh, the rules governing cross references in, and attachments to, the warrant:

> The particularity requirement of the Fourth Amendment may be satisfied by cross-reference in the warrant to separate documents that identify the property in sufficient detail. As a general rule, a supporting affidavit or document may be read together with (and considered part of) a warrant that otherwise lacks sufficient particularity "if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant."
>
>       . . . .
>
> In this circuit, . . . it is sufficient either for the warrant to incorporate the supporting document by reference or for the supporting document to be attached to the warrant itself.

United States v. Hurwitz, 459 F.3d 463, 470-71 (4th Cir. 2006) (citations omitted) (emphasis added).

The alleged defects in the warrant in this action do not warrant suppression.  First, defendant notes that there is an "X" marked over a category appearing on the warrant describing the property to which the warrant is directed as being "(Stolen) (Embezzled) (Obtained by false pretenses)[.]"  Defendant contends the mark is a <u>selection</u> of the category, which has no relevance for purposes of the search.  The United States counters that the mark is designed instead to reflect a <u>deletion</u>, namely, that the category marked with the "X" is the only inapplicable category among the total of four categories listed.

The United States' explanation is more plausible inasmuch as the remaining three categories which are not marked by an "X" are relevant to the contemplated search, whereas the lone category marked with an "X" is not.  Moreover, the court cannot conclude that an asserted ambiguity of this nature invalidates the warrant.  <u>See</u> <u>United States v. Oloyede</u>, 982 F.2d 133, 138 (4th Cir. 1992)("The Fourth Circuit has held that courts should not suppress evidence seized pursuant to a warrant because of 'hypertechnical errors.'").

Second, defendant asserts that the United States wishes to use the affidavit and its exhibits as a "proxy warrant."  As noted, however, Exhibit 1 and Exhibit II are attached to the

7

warrant and incorporated into it by reference.  Exhibit 1 serves
to adequately set forth the premises to be searched.  Exhibit II
constitutes the property to be seized.  Each of the items taken
by law enforcement falls within those categories of property to
be seized set forth in Exhibit II and probable cause supported
the search and seizure of each.  Under Hurwitz, the two exhibits,
jointly Attachment 1, do not constitute a proxy warrant but
instead are properly treated as part of the warrant.  As such,
the warrant is valid.

        As emphasized in United States v. Grubbs, 547 U.S. 90
(2006), "[t]he Fourth Amendment . . . does not set forth some
general 'particularity requirement.'  It specifies only two
matters that must be 'particularly describ[ed]' in the warrant:
'the place to be searched' and 'the persons or things to be
seized.' We have previously rejected efforts to expand the scope
of this provision to embrace unenumerated matters." Id. at 97.
Grubbs added that "[t]he Fourth Amendment does not require that
the warrant set forth the magistrate's basis for finding probable
cause, even though probable cause is the quintessential
'precondition to the valid exercise of executive power.'"  Id. at
98 (emphasis added).

III.


In the event that the warrant would have been deemed invalid, the United States relies upon the good-faith exception discussed in United States v. Leon, 468 U.S. 897 (1984).  Our court of appeals has observed that the rule in Leon directs that

> a court should not suppress the fruits of a search conducted under the authority of a warrant, even a 'subsequently invalidated' warrant, unless 'a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'"

United States v. Bynum, 293 F.3d 192, 195 (4th Cir. 2002) (quoting Leon, 468 U.S. at 922 n. 23).


The court of appeals also reiterated very recently that "'a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search.'"  United States v. Williams, 548 F.3d 311, 317 (4th Cir. 2008) (quoting Leon, 468 U.S. at 922).  There are four circumstances in which the good-faith exception cannot salvage  an invalid warrant.[4]  None of those apply here.

---

[4]The exceptions were summarized by our court of appeals in United States v. DeQuasie, 373 F.3d 509 (4th Cir. 2004), as follows:

> The Court identified four circumstances in which the good-faith exception would not apply: (1) "if the
> (continued...)

9

IV.


Probable cause supported the search and the items
seized.  The nature of the property seized demonstrates that
those engaged in the search tailored their activities to the
precise type of materials set forth on the face of the affidavit
and Exhibit II, as contemplated by the officers and the issuing
magistrate.[5]

---

[4](...continued)
magistrate or judge in issuing a warrant was misled by
information in an affidavit that the affiant knew was
false or would have known was false except for his
reckless disregard of the truth;" (2) if "the issuing
magistrate wholly abandoned his judicial role in the
manner condemned in Lo-Ji Sales, Inc. v. New York, 442
U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979)"; (3) if
the affidavit supporting the warrant is "so lacking in
indicia of probable cause as to render official belief
in its existence entirely unreasonable;" and (4) if
under the circumstances of the case the warrant is "so
facially deficient -- i.e., in failing to particularize
the place to be searched or the things to be seized --
that the executing officers cannot reasonably presume
it to be valid."  Leon, 468 U.S. at 923, 104 S.Ct. 3405
(internal punctuation omitted).

Id. at 520 (footnote omitted).

[5]Admittedly, a probable cause showing was not made for some
of the items slated for seizure on the form statement found in
Exhibit II, such as travel documents, jewelry, precious metals
and other surplusage.  But the offending items were neither
searched for nor seized.  The references made to them are thus
properly severed from those types of items listed in Exhibit II
(continued...)

Based upon the foregoing, the court ORDERS that the amended motion and the supplemental motion be, and they hereby are, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED:  August 6, 2009

John T. Copenhaver, Jr.
United States District Judge

---

[5](...continued)
that were supported by probable cause and ultimately seized. See United States v. Jacob, 657 F.2d 49, 52 (4th Cir. 1981); United States v. SDI Future Health, Inc., 568 F.3d 684, 707 (9th Cir. 2009)("We have endorsed a doctrine of severance, "which allows a court to strike from a warrant those portions that are invalid and preserve those portions that satisfy the Fourth Amendment. . . . We have previously allowed severance when a warrant lacked particularity because of some unduly broad language in the warrant."); 2 Wayne R. LaFave, Search and Seizure § 4.6 (4th ed. 2008) ("[I]t would be harsh medicine indeed if a warrant which was issued on probable cause and which did particularly describe certain items were to be invalidated in toto merely because the affiant and magistrate erred in seeking and permitting a search for other items as well.")(citing Jacob and numerous other authorities).

11